**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JONATHAN ZAMUDIO,

        **Plaintiff,**

Case No.:

v.

CARRABBA'S ITALIAN GRILL,
LLC, d/b/a CARRABBA'S ITALIAN
GRILL,

        **Defendant.**
_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441(a), and 1446, Defendant CARRABBA'S ITALIAN GRILL, LLC d/b/a CARRABBA'S ITALIAN GRILL ("Carrabba's"), gives notice of removal of the above-styled action filed by Plaintiff, JONATHAN ZAMUDIO ("Zamudio"), from the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to this Court. As grounds, Carrabba's states:

1. On or about September 2, 2016, Zamudio initiated an action against Carrabba's in the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. However, at the time Zamudio initiated the action, Zamudio failed to serve Carrabba's with a statement of his claim. Zamudio later served Carrabba's with a copy of his statement of claim in the form of a complaint on October 24, 2016.

2. A copy of Plaintiff's Complaint is attached hereto as Exhibit A. As reflected on the Complaint, the state court clerk assigned this action Case Number 16-CC-029478.

3. Carrabba's now removes this action to federal court because under the well-pleaded complaint rule, Zamudio's Complaint raises a federal question and therefore, is amenable to removal. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). Indeed, although Zamudio purports to plead causes of action solely under the Florida Minimum Wage Act ("FMWA"), §448.110, Fla. Stat., and Article 10, Section 24 of the Florida Constitution, it is evident from the face of Zamudio's Complaint that he not only seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, <u>et</u> <u>seq.</u>, but also alleges that Carrabba's violated the FLSA.

4. More specifically, in Count III of his Complaint, which Zamudio entitles "Florida Minimum Wage Act – Improper Tip Pool Under Tip Credit," Zamudio alleges that Carrabba's violated the FLSA by purportedly requiring employees to surrender five dollars ($5.00) per shift to a purported improper tip pool, which Zamudio alleges included employees who have minimal contact with guests and therefore, supposedly do not customarily and regularly receive tips as required by §203(m). He further alleges that Carrabba's willfully violated "the guidelines" of §203(m) for "proper tip pooling" and therefore, "forfeits its ability to apply a tip credit to wages paid" under §203(m). Undoubtedly, Zamudio therefore does not merely rely upon the principles of the FLSA for purposes of asserting his state law claims; he actually asserts a claim under the FLSA irrespective of how he has labeled Count III. Exhibit A, at p. 10.

5. Additionally, in the prayer of relief that appears to be applicable to all his claims, Zamudio plainly seeks damages not just under the FMWA and the Florida

Constitution but also under the FLSA.  Zamudio prays for, among other things, all of the following:

    a. a declaration that Carrabba's violated both the provisions of the FMWA, the FLSA, and the Florida Constitution;

    b. a declaration that Carrabba's purported violation of the FMWA, FLSA, and the Florida Constitution was willful;

    c. an award of liquidated damages as a result of Carrabba's purported violation of the FMWA, FLSA, and the Florida Constitution;

    d. an award of damages for all unpaid wages;

    e. an award of pre-judgment and post-judgment interest under the FMWA, FLSA, and Florida Constitution; and

    f. an award of reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA, FLSA, and Florida Constitution.

Exhibit A, at p. 12.   There can be no dispute that the FLSA is a direct and essential element of Zamudio's case.

    6.    The law is well-established that, while an action under the FLSA may be maintained in a state court of competent jurisdiction, nothing within §216(b) prohibits the removal of such an action to federal court under §1441(a).  Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691 (2003).

    7.    This Court has original jurisdiction over actions brought under the FLSA because they arise under federal law.  Therefore, removal of this action is proper under 28 U.S.C. § 1441.

    8.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Zamudio's claims that are truly brought under the FMWA and Florida Constitution.  Moreover, because all of Zamudio's claims, both state and federal, involve the same common

nucleus of operative facts and transactions, all claims should be adjudicated together before this Court.

9. The removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b).

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), §1441(a), and Rule 1.02 of the Local Rules for the Middle District of Florida because the Middle District of Florida encompasses the county in which the alleged claims arose and where Carrabba's principal place of business is located.

11. Carrabba's has provided written notice of the removal to Zamudio, and has filed a Notice of Filing Notice of Removal in the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

12. Along with this Notice of Removal, Carrabba's has filed all pleadings that have previously been filed with the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

WHEREFORE, CARRABBA'S ITALIAN GRILL, LLC, respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Dated this 7th day of November, 2016.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis

Kevin D. Johnson
Lead Trial Counsel
Florida Bar No. 0013749
LaKisha M. Kinsey-Sallis
Florida Bar No. 78265
Thompson, Sizemore, Gonzalez & Hearing, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
P.O. Box 639
Tampa, FL 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072
Email: kjohnson@tsghlaw.com
lkinseysallis@tsghlaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on this 7th day of November, 2016, to the following:

Tammy Hammack
Cohen Grossman
350 North Lake Destiny Road
Maitland, Florida 32751
Email: thammack@itsaboutjustice.law
tiina@itsaboutjustice.law

/s/ LaKisha M. Kinsey-Sallis
Attorney

**IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**JOHNATHAN ZAMUDIO,**

        **Plaintiff,**

vs.                               Case No.: 16-CC-029478

**CARRABBA'S ITALIAN GRILL, LLC,**
**d/b/a CARRABBA'S ITALIAN GRILL,**

        **Defendant.**

_____/

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that a copy of the attached Notice of Removal to the United States District Court for the Middle District of Florida, Tampa Division, has been filed with the Clerk of said District Court in Tampa, Florida, on this 7th day of November, 2016. Pursuant to 28 U.S.C. § 1446, Defendant respectfully requests that this Court proceed no further in this case unless and until the action is remanded to state court.

Dated this 7th day of November, 2016.

                                         Respectfully submitted,

                                         /s/LaKisha M. Kinsey-Sallis
                                         Kevin D. Johnson
                                         Lead Trial Counsel
                                         Florida Bar No. 0013749
                                         LaKisha M. Kinsey-Sallis
                                         Florida Bar No. 78265
                                         Thompson, Sizemore, Gonzalez & Hearing, P.A.
                                         One Tampa City Center
                                         201 N. Franklin Street, Suite 1600
                                         Tampa, FL 33602
                                         Telephone (813) 273-0050
                                         Facsimile (813) 273-0072
                                         Email: kjohnson@tsghlaw.com
                                                      lkinseysallis@tsghlaw.com
                                         Attorneys for Defendant

**EXHIBIT B**

2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of November, 2016, I electronically filed the foregoing with the Clerk of the Court through the Florida Courts E-Filing Portal, which will send a notice of electronic filing to all parties.

    Tammy Hammack
    Cohen Grossman
    350 North Lake Destiny Road
    Maitland, Florida  32751
    Email: thammack@itsaboutjustice.law
            tiina@itsaboutjustice.law

                                             /s/ LaKisha M. Kinsey-Sallis
                                             Attorney

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JONATHAN ZAMUDIO,**

        **Plaintiff,**

                                          **Case No.:**

**v.**

**CARRABBA'S ITALIAN GRILL,
LLC, d/b/a CARRABBA'S ITALIAN
GRILL,**

        **Defendant.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1367, 1441(a), and 1446, Defendant CARRABBA'S ITALIAN GRILL, LLC d/b/a CARRABBA'S ITALIAN GRILL ("Carrabba's"), gives notice of removal of the above-styled action filed by Plaintiff, JONATHAN ZAMUDIO ("Zamudio"), from the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to this Court. As grounds, Carrabba's states:

1.      On or about September 2, 2016, Zamudio initiated an action against Carrabba's in the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. However, at the time Zamudio initiated the action, Zamudio failed to serve Carrabba's with a statement of his claim. Zamudio later served Carrabba's with a copy of his statement of claim in the form of a complaint on October 24, 2016.

2.      A copy of Plaintiff's Complaint is attached hereto as Exhibit A. As reflected on the Complaint, the state court clerk assigned this action Case Number 16-CC-029478.

3. Carrabba's now removes this action to federal court because under the well-pleaded complaint rule, Zamudio's Complaint raises a federal question and therefore, is amenable to removal. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Indeed, although Zamudio purports to plead causes of action solely under the Florida Minimum Wage Act ("FMWA"), §448.110, Fla. Stat., and Article 10, Section 24 of the Florida Constitution, it is evident from the face of Zamudio's Complaint that he not only seeks relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq., but also alleges that Carrabba's violated the FLSA.

4. More specifically, in Count III of his Complaint, which Zamudio entitles "Florida Minimum Wage Act – Improper Tip Pool Under Tip Credit," Zamudio alleges that Carrabba's violated the FLSA by purportedly requiring employees to surrender five dollars ($5.00) per shift to a purported improper tip pool, which Zamudio alleges included employees who have minimal contact with guests and therefore, supposedly do not customarily and regularly receive tips as required by §203(m). He further alleges that Carrabba's willfully violated "the guidelines" of §203(m) for "proper tip pooling" and therefore, "forfeits its ability to apply a tip credit to wages paid" under §203(m). Undoubtedly, Zamudio therefore does not merely rely upon the principles of the FLSA for purposes of asserting his state law claims; he actually asserts a claim under the FLSA irrespective of how he has labeled Count III. Exhibit A, at p. 10.

5. Additionally, in the prayer of relief that appears to be applicable to all his claims, Zamudio plainly seeks damages not just under the FMWA and the Florida

Constitution but also under the FLSA.  Zamudio prays for, among other things, all of the following:

    a. a declaration that Carrabba's violated both the provisions of the FMWA, the FLSA, and the Florida Constitution;

    b. a declaration that Carrabba's purported violation of the FMWA, FLSA, and the Florida Constitution was willful;

    c. an award of liquidated damages as a result of Carrabba's purported violation of the FMWA, FLSA, and the Florida Constitution;

    d. an award of damages for all unpaid wages;

    e. an award of pre-judgment and post-judgment interest under the FMWA, FLSA, and Florida Constitution; and

    f. an award of reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA, FLSA, and Florida Constitution.

Exhibit A, at p. 12.   There can be no dispute that the FLSA is a direct and essential element of Zamudio's case.

    6.    The law is well-established that, while an action under the FLSA may be maintained in a state court of competent jurisdiction, nothing within §216(b) prohibits the removal of such an action to federal court under §1441(a).  <u>Breuer v. Jim's Concrete of Brevard, Inc.</u>, 538 U.S. 691 (2003).

    7.    This Court has original jurisdiction over actions brought under the FLSA because they arise under federal law.  Therefore, removal of this action is proper under 28 U.S.C. § 1441.

    8.    Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Zamudio's claims that are truly brought under the FMWA and Florida Constitution.  Moreover, because all of Zamudio's claims, both state and federal, involve the same common

nucleus of operative facts and transactions, all claims should be adjudicated together before this Court.

9. The removal of this action is timely in that it is made within the 30-day period provided in 28 U.S.C. § 1446(b).

10. Venue is proper in this Court under 28 U.S.C. § 1391(b), §1441(a), and Rule 1.02 of the Local Rules for the Middle District of Florida because the Middle District of Florida encompasses the county in which the alleged claims arose and where Carrabba's principal place of business is located.

11. Carrabba's has provided written notice of the removal to Zamudio, and has filed a Notice of Filing Notice of Removal in the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.  A copy of the Notice of Filing Notice of Removal is attached as Exhibit B.

12. Along with this Notice of Removal, Carrabba's has filed all pleadings that have previously been filed with the County Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

WHEREFORE, CARRABBA'S ITALIAN GRILL, LLC, respectfully requests that the above-styled action be removed to this Court and this Court assume jurisdiction over this matter for all further proceedings.

Dated this 7th day of November, 2016.

Respectfully submitted,

/s/LaKisha M. Kinsey-Sallis
Kevin D. Johnson
Lead Trial Counsel
Florida Bar No. 0013749
LaKisha M. Kinsey-Sallis
Florida Bar No. 78265
Thompson, Sizemore, Gonzalez & Hearing, P.A.
One Tampa City Center
201 N. Franklin Street, Suite 1600
Tampa, FL 33602
P.O. Box 639
Tampa, FL 33601
Telephone (813) 273-0050
Facsimile (813) 273-0072
Email: kjohnson@tsghlaw.com
       lkinseysallis@tsghlaw.com
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email on this 7th day of November, 2016, to the following:

Tammy Hammack
Cohen Grossman
350 North Lake Destiny Road
Maitland, Florida 32751
Email: thammack@itsaboutjustice.law
       tiina@itsaboutjustice.law

/s/ LaKisha M. Kinsey-Sallis
Attorney